UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NATIONAL NURSES ORGANIZING COMMITTEE – FLORIDA/NATIONAL NURSES UNITED, AFL-CIO,<br><br>        Petitioner,<br><br>v.<br><br>GALEN OF FLORIDA, INC., d/b/a NORTHSIDE HOSPITAL,<br><br>        Respondent. | Case No.:<br><br>CIVIL ACTION |

**COMPLAINT**

National Nurses Organizing Committee-Florida/National Nurses United, AFL-CIO, Petitioner, complains of Galencare, Inc., d/b/a Northside Hospital, Respondent, as follows:

**PRELIMINARY STATEMENT**

1. This is an action arising under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), to compel arbitration under the parties' collective bargaining agreement.

**JURISDICTION AND VENUE**

2. Petitioner NNOC-Florida/National Nurses United, AFL-CIO ("the Union" or "NNOC") represents a bargaining unit of registered nurses at Respondent Galencare, Inc., d/b/a Northside Hospital ("Northside Hospital"). Northside Hospital is owned by HCA, Inc. ("HCA").

3. The Union files this action pursuant to Section 301(a) of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a), to compel arbitration of a dispute between NNOC and the Hospital. This Court has jurisdiction under 29 U.S.C. §185(a) and 28 U.S.C. §1331.

4. Venue is proper in this District pursuant to 29 U.S.C. §185(c). Petitioner, NNOC has offices in and represents members throughout the Middle District of Florida, including those employed by Northside Hospital. Additionally, the dispute arose within the Middle District of Florida, as Northside Hospital is located in the District.

**PARTIES**

5. NNOC is a "labor organization" representing employees of Northside Hospital for the purposes of collective bargaining within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5). NNOC is an unincorporated labor organization authorized to do and doing business in various counties throughout Florida, including Hillsborough and Pinellas Counties. The Union represents employees of Northside Hospital in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a).

6. Northside Hospital is an "employer" in an industry affecting commerce within the meaning of Section 2(2) of the NLRA, 29 U.S.C. §152(2). The Union is informed and believes, and thereupon alleges, that Respondent Northside Hospital, is now and, at all times material herein, has been a for-profit Florida corporation operating under the laws of the State of Florida and authorized to do and doing business in the State of Florida, including the County of Pinellas.

**FACTS**

7. The Union and Northside Hospital are parties to an effective Collective Bargaining Agreement. In addition, the Union and Northside entered into a written Collective Bargaining Agreement, effective from October 20, 2018 through May 31, 2021. A true and correct copy of the Collective Bargaining Agreement is attached hereto and incorporated herein by reference as Exhibit "A."

8. The Union filed the grievance underlying this Petition to Compel Arbitration on May 11, 2020, pursuant to the Collective Bargaining Agreement. A true and correct copy of the grievance underlying this Petition is attached hereto and incorporated herein by reference as Exhibit "B."

9. Article 18, Section 2 of the Collective Bargaining Agreement, "Definition of Grievance", specifies that a "'grievance' is defined as any complaint against the Hospital submitted by the Union in writing for an alleged breach of a specific provision of this Agreement, except as to those provisions which are not subject to this Article." A "'class grievance' is defined as any complaint against the Hospital submitted in writing by the Union on behalf of two or more Registered Nurses and regarding the same alleged breach of this Agreement or multiple alleged breaches of the same provision(s) of this Agreement."

10. Article 18, Section 3 of the Collective Bargaining Agreement, entitled "Grievance Procedure" sets forth the grievance procedure and provides for final and binding arbitration of any grievances that have not been resolved by the Parties through the prior steps in the grievance procedure.

11. Article 31, Section 1 of the Collective Bargaining Agreement, entitled "On-Call Pay," requires that all "[r]egistered Nurses in eligible Departments and positions required to be On-Call shall be paid at $3.50 for all hours spent On Call." Article 31, Section 2, entitled "Call-Back Pay," specifies that if nurses are "required to work when On-Call, a Registered Nurse shall be paid Call-Back pay at the rate of one and one-half (1 ½) times the Registered Nurse's regular base hourly rate, plus any applicable differentials (e.g., shift or weekend)."

12. Article 7, Section C of the Collective Bargaining Agreement, entitled "Minimum Rates," establishes minimum wages, benefits, and economic provisions within the Agreement. In addition, nothing in the Agreement "shall be deemed or construed to limit the Employer's right, at its discretion, to increase wages based upon market conditions in excess of that provided by this Agreement, except that the Employer shall not establish a merit based pay program. Accordingly, it is also understood that any such increases shall be over and above the economic package negotiated in this Agreement. Before taking any action, the Hospital shall notify the Union and meet and confer over the proposed changes."

13. On about May 11, 2020, the Union filed a grievance alleging, among other things, that the Northside Hospital had violated multiple provisions of the Parties' Collective Bargaining Agreement, including the aforementioned sections, by implementing a policy offering so-called

"Pandemic Pay" at 70% of employees' base pay for employees working in units with reduced volumes, and doing so without notifying the Union. By this policy, Northside Hospital changed bargaining nurses' base and On-Call pay without following the steps required by the CBA.

14. On June 10, 2020, after the Hospital denied the grievance at each of the required prior steps of the grievance procedure, the Union demanded arbitration of the grievance. A true and correct copy of this demand for arbitration is attached hereto and incorporated herein by reference as Exhibit "C."

15. The Union contacted the Federal Mediation and Conciliation Services ("FMCS") for a list of arbitrators available to hear this grievance. FMCS sent the Parties a list of arbitrators on June 18, 2020. A true and correct copy of the FMCS List is attached hereto and incorporated herein by reference as Exhibit "D."

16. On June 29, 2020, Northside Hospital, through Hospital Corporation of America Management Services, emailed a letter to the Union refusing to participate in arbitration. A true and correct copy of that Letter is attached hereto and incorporated herein by reference as Exhibit "E."

17. As of the filing date of this instant Petition, the Hospital has still not agreed to proceed to an arbitration with the Union. Upon information and belief, the Hospital maintains the position that it refuses to arbitrate the grievance.

18. Northside's refusal to proceed to arbitration violates Article 18, Section 3 of the Parties' Collective Bargaining Agreement.

19. Because of Northside's refusal to proceed to arbitration, the Union's attorneys have had to work on this matter, where they otherwise would not have been involved.

20. Northside's failure to proceed to arbitration on the grievance is without excuse, without merit, unjustified, dilatory, frivolous and done in bad faith, vexatiously and/or for oppressive reasons.

**PRAYER FOR RELIEF**

WHEREFORE, the Unions pray for relief as follows:

1. For an Order of the Court compelling Northside to submit the above

mentioned grievance to arbitration pursuant to the terms of the Collective Bargaining Agreement attached hereto as Exhibit "A."

    2.    For an Order of the Court directing Northside to select an arbitrator with the Union by a date certain.

    3.    For its reasonable attorneys' fees.

    4.    For costs of suit incurred herein.

    5.    For such other and further relief as this Court deems just and proper.

DATED: December 8, 2020        Respectfully submitted,

    By: */s/ Jose J. Rodriguez*
    Jose Javier Rodriguez, Esq.
    Florida Bar No. 0029469
    D. Marcus Braswell, Jr., Esq., Trial Counsel
    Florida Bar No. 146160
    SUGARMAN & SUSSKIND, P.A.
    Attorneys for Plaintiffs
    100 Miracle Mile, Suite 300
    Coral Gables, FL 33134
    Telephone: (305) 529-2801
    Facsimile: (305) 447-8115
    JJR@sugarmansusskind.com
    MBraswell@sugarmansusskind.com